SCHEER LAW GROUP, LLP
SPENCER P. SCHEER #107750
JOSHUA L. SCHEER #242722
JONATHAN SEIGEL #168224
155 N. Redwood Drive, Suite 100
San Rafael, CA 94903
Telephone: (415) 491-8900
Facsimile: (415) 491-8910
ASC.100-003S

Attorneys for
Defendants SECOND CHANCE HOME LOANS, LLC and
ALLIED SERVICING CORPORATION

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL B. CORTEZ, an individual; and ANTOINETTE A. CORTEZ, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>SECOND CHANCE HOME LOANS, LLC, a business entity; ALLIED SERVICING CORPORATION, a business entity; PNC BANK, NATIONAL ASSOCIATION, a business entity; and DOES 1-50, inclusive<br><br>Defendants. | Case No.: 2:18-cv-01896-WBS-EFB<br>Honorable William B. Shubb<br>Courtroom 5, 14th Floor<br><br>**DECLARATION OF JONATHAN SEIGEL IN SUPPORT OF DEFENDANTS SECOND CHANCE HOME LOANS, LLC'S AND ALLIED SERVICING CORPORATION'S OPPOSITION TO PLAINTIFFS' EX PARTE APPLICATION FOR A TEMPORARY RESTRAINING ORDER TO ENJOIN THE FORECLOSURE SALE OF PLAINTIFFS' PROPERTY** |

I, Jonathan Seigel, declare:

1. I have personal knowledge of the facts stated herein, am competent to testify thereto, and would so testify if called as a witness.

2. I am an attorney for Defendants SECOND CHANCE HOME LOANS, LLC and ALLIED SERVICING CORPORATION ("Defendants").

3. Attached hereto as Exhibit A is a true and correct copy of the Notice of Chapter 13 Bankruptcy Case, filed by Plaintiffs Michael Plandez Cortez and Antoinette Arquero Cortez ("Plaintiffs") on July 8, 2017, in the United States Bankruptcy Court, Eastern District, Bankruptcy Case No. 17-24500. I obtained this document from PACER for the Eastern District Bankruptcy Court.

4. Attached hereto as Exhibit B is a true and correct copy of Plaintiffs' Schedule D, filed on July 8, 2017, in the United States Bankruptcy Court, Eastern District, Bankruptcy Case No. 17-24500. I obtained this document from PACER for the Eastern District Bankruptcy Court

5. Attached hereto as Exhibit C is a true and correct copy of Plaintiffs' Chapter 13 Plan – Amended, filed on February 20, 2018, in the United States Bankruptcy Court, Eastern District, Bankruptcy Case No. 17-24500. I obtained this document from PACER for the Eastern District Bankruptcy Court.

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: July 6, 2018

/s/Jonathan Seigel
Jonathan Seigel

DECLARATION OF JONATHAN SEIGEL IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS 2
EX PARTE APPLICATION FOR A TEMPORARY RESTRAINING ORDER TO ENJOIN THE FORECLOSURE
SALE OF PLAINTIFFS' PROPERTY

# EXHIBIT "A"

| **Information to identify the case:** | | | |
|---|---|---|---|
| Debtor 1 | **Michael Plandez Cortez** | Social Security number or ITIN | xxx–xx–1262 |
| | First Name  Middle Name  Last Name | EIN | __–_____ |
| Debtor 2 (Spouse, if filing) | **Antoinette Arquero Cortez** | Social Security number or ITIN | xxx–xx–7416 |
| | First Name  Middle Name  Last Name | EIN | __–_____ |
| United States Bankruptcy Court | **Eastern District of California** | Date case filed for chapter 13: | 7/8/17 |
| Case number: | 17–24500 – B – 13J | | |

12/15

# Official Form 309I
## Notice of Chapter 13 Bankruptcy Case

**For the debtors listed above, a case has been filed under chapter 13 of the Bankruptcy Code. An order for relief has been entered.**

**This notice has important information about the Case for creditors, debtors, and trustees, including information about the meeting of creditors and deadlines. Read both pages carefully.**

The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtors, the debtors' property, and certain codebtors. For example, while the stay is in effect, creditors cannot sue, garnish wages, assert a deficiency, repossess property, or otherwise try to collect from the debtors. Creditors cannot demand repayment from debtors by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although debtors can ask the court to extend or impose a stay.

Confirmation of a chapter 13 plan may result in a discharge. Creditors who assert that the debtors are not entitled to a discharge under 11 U.S.C. §1328(f) must file a motion objecting to discharge in the bankruptcy clerk's office within the deadline specified in this notice. Creditors who want to have their debt excepted from discharge may be required to file a complaint in the bankruptcy clerk's office by the same deadline. (See line 13 below for more information.)

To protect your rights, consult an attorney. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below or through PACER (Public Access to Court Electronic Records at www.pacer.gov).

**The staff of the bankruptcy clerk's office cannot give legal advice.**

**To help creditors correctly identify debtors, debtors submit full Social Security or Individual Taxpayer Identification Numbers, which may appear on a version of this notice. However, the full numbers must not appear on any document filed with the court.**

**Do not file this notice with any proof of claim or other filing in the case. Do not include more than the last four digits of a Social Security or Individual Taxpayer Identification Number in any document, including attachments, that you file with the court.**

| | | **About Debtor 1:** | **About Debtor 2:** |
|---|---|---|---|
| 1. | **Debtor's full name** | Michael Plandez Cortez | Antoinette Arquero Cortez |
| 2. | **All other names used in the last 8 years** | | |
| 3. | **Address** | 901 Innisfree Court<br>Vallejo, CA 94591 | 901 Innisfree Court<br>Vallejo, CA 94591 |
| 4. | **Debtor's attorney**<br>Name and address | Mary Ellen Terranella<br>609 Jefferson Street, Suite G3<br>Fairfield, CA 94533 | Contact phone: 707-428-1778 |
| 5. | **Bankruptcy trustee**<br>Name and address | Jan P. Johnson<br>PO Box 1708<br>Sacramento, CA 95812 | Contact phone: 916-239-6666 |
| 6. | **Bankruptcy clerk's office**<br>Documents in this case may be filed at this address. You may inspect all records filed in this case at this office or online at www.pacer.gov. | Robert T Matsui United States Courthouse<br>501 I Street, Suite 3-200<br>Sacramento, CA 95814 | Hours: M–F 9:00 AM – 4:00 PM<br>www.caeb.uscourts.gov<br><br>Phone: (916) 930-4400<br><br>Date: 7/13/17 |

For more information, see page 2

Debtor  Michael Plandez Cortez  and  Antoinette Arquero Cortez                                    Case number:   17-24500 – B – 13J

| 7. Meeting of creditors | August 3, 2017 at 11:00 AM | Location: |
|---|---|---|
| Debtors must attend the meeting to be questioned under oath. In a joint case, both spouses must attend. Creditors may attend, but are not required to do so. | The meeting may be continued or adjourned to a later date. If so, the date will be on the court docket. | **Robert T Matsui United States Courthouse, 501 I Street, Room 7-B, 7th Floor, Sacramento, CA**<br><br>**Debtors are required to bring government issued photo identification and proof of social security number to the meeting.** |
| **8. Deadlines**<br><br>The bankruptcy clerk's office must receive these documents and any required filing fee by the following deadlines. | **Deadline to file a complaint to challenge dischargeability of certain debts:**<br>**You must file:**<br>• a motion if you assert that the debtors are not entitled to receive a discharge under U.S.C. § 1328(f) or<br>• a complaint if you want to have a particular debt excepted from discharge under 11 U.S.C. § 523(a)(2) or (4).<br>**Deadline for all creditors to file a proof of claim (except governmental units):**<br>**Deadline for governmental units to file a proof of claim:**<br><br>**Proof of claim:**<br><br>A proof of claim is a signed statement describing a creditor's claim. A proof of claim form may be obtained at www.uscourts.gov or any bankruptcy clerk's office.<br><br>If you do not file a proof of claim by the deadline, you might not be paid on your claim. To be paid, you must file a proof of claim even if your claim is listed in the schedules that the debtor filed.<br><br>Secured creditors retain rights in their collateral regardless of whether they file a proof of claim. Filing a proof of claim submits the creditor to the jurisdiction of the bankruptcy court, with consequences a lawyer can explain. For example, a secured creditor who files a proof of claim may surrender important non-monetary rights, including the right to a jury trial.<br><br>**Deadline to object to exemptions:**<br><br>The law permits debtors to keep certain property as exempt. If you believe that the law does not authorize an exemption claimed, you may file an objection. | **Filing Deadline: 10/02/2017**<br><br><br><br><br><br><br><br>**Filing Deadline: 11/1/17**<br><br>**Filing Deadline: 1/4/18**<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>**Filing Deadline:**<br><br>30 days after the *conclusion* of the meeting of creditors |
| **9. Filing of plan** | The debtor has filed a plan.<br>A copy of the plan is enclosed. Objections to the confirmation of this plan must be filed and served by 08/10/2017.  An objection shall state with particularity the grounds therefor, be supported by evidence, and be accompanied by a notice of the confirmation hearing on **09/05/2017 at 01:00 PM in Courtroom 32, 6th Floor , at the Robert T Matsui United States Courthouse, 501 I Street, Sacramento, CA.**<br>The objection and notice of hearing must be served on the debtor, the debtor's attorney, if any, and the bankruptcy trustee. If a timely objection is not filed and served, no confirmation hearing will be conducted unless the court orders otherwise. | |
| **10. Creditors with a foreign address** | If you are a creditor receiving a notice mailed to a foreign address, you may file a motion asking the court to extend the deadline in this notice. Consult an attorney familiar with United States bankruptcy law if you have any questions about your rights in this case. | |
| **11. Filing a chapter 13 bankruptcy case** | Chapter 13 allows an individual with regular income and debts below a specified amount to adjust debts according to a plan. A plan is not effective unless the court confirms it. You may object to confirmation of the plan and appear at the confirmation hearing. A copy or summary of the plan, if not enclosed, will be sent to you later, and if the confirmation hearing is not indicated on this notice, you will be sent notice of the confirmation hearing. The debtor will remain in possession of the property and may continue to operate the business, if any, unless the court orders otherwise. | |
| **12. Exempt property** | The law allows debtors to keep certain property as exempt. Fully exempt property will not be sold and distributed to creditors, even if the case is converted to chapter 7. Debtors must file a list of property claimed as exempt. You may inspect that list at the bankruptcy clerk's office or online at www.pacer.gov. If you believe that the law does not authorize an exemption that debtors claimed, you may file an objection by the deadline. | |
| **13. Discharge of debts** | Confirmation of a chapter 13 plan may result in a discharge of debts, which may include all or part of a debt. However, unless the court orders otherwise, the debts will not be discharged until all payments under the plan are made. A discharge means that creditors may never try to collect the debt from the debtors personally except as provided in the plan. If you want to have a particular debt excepted from discharge under 11 U.S.C. § 523(a)(2) or (4), you must file a complaint and pay the filing fee in the bankruptcy clerk's office by the deadline. If you believe that the debtors are not entitled to a discharge of any of their debts under 11 U.S.C. § 1328(f), you must file a motion. | |
| **14. Options to Receive Notices Served by the Clerk by Email Instead of by U.S. Mail** | Anyone can register for the Electronic Bankruptcy Noticing program at ebn.uscourts.gov or debtors can register for DeBN by filing form EDC 3-321 Debtor's Electronic Noticing Request (DeBN) with the Clerk of Court. Both options are FREE and allow the Clerk to quickly send you court-issued notices and orders by email. | |

# EXHIBIT "B"

**Fill in this information to identify your case:**

| | | | |
|---|---|---|---|
| Debtor 1 | Michael | Plandez | Cortez |
| | First Name | Middle Name | Last Name |
| Debtor 2 | Antoinette | Arquero | Cortez |
| (Spouse if, filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the: EASTERN DISTRICT OF CALIFORNIA

Case number
(if known)

☐ Check if this is an amended filing

Official Form 106D
## Schedule D: Creditors Who Have Claims Secured by Property  12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the Additional Page, fill it out, number the entries, and attach it to this form. On the top of any additional pages, write your name and case number (if known).

1. Do any creditors have claims secured by your property?
   ☐ No. Check this box and submit this form to the court with your other schedules. You have nothing else to report on this form.
   ■ Yes. Fill in all of the information below.

**Part 1:** List All Secured Claims

2. List all secured claims. If a creditor has more than one secured claim, list the creditor separately for each claim. If more than one creditor has a particular claim, list the other creditors in Part 2. As much as possible, list the claims in alphabetical order according to the creditor's name.

| | | Column A<br>Amount of claim<br>Do not deduct the value of collateral. | Column B<br>Value of collateral that supports this claim | Column C<br>Unsecured portion<br>If any |
|---|---|---|---|---|
| 2.1 | **Ditech Financial, LLC**<br>Creditor's Name<br><br>P.O. Box 7169<br>Pasadena, CA<br>91109-7169<br>Number, Street, City, State & Zip Code | Describe the property that secures the claim:<br>**140 Kevin Court Vallejo, CA 94589 Solano County Purchased in 1990 for $215,000 - needs new roof, fencing replacement, landscaping, interior and exterior paint, garage door replaced, window repairs/replacement. Net proceeds if sold in Cha** | $283,351.00 | $325,000.00 | $0.00 |

As of the date you file, the claim is: Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**Who owes the debt?** Check one.
☐ Debtor 1 only
☐ Debtor 2 only
■ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
■ Check if this claim relates to a community debt

**Nature of lien.** Check all that apply.
■ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
☐ Other (including a right to offset)

Date debt was incurred  2005        Last 4 digits of account number   4406

| 2.2 | **PNC Bank**<br>Creditor's Name<br><br>P.O. Box 856177<br>Louisville, KY 40285-6177<br>Number, Street, City, State & Zip Code | Describe the property that secures the claim:<br>**901 Innisfree Court Vallejo, CA 94591 Solano County Purchased in 2003 for $573,000** | $251,265.00 | $600,000.00 | $117,738.00 |

As of the date you file, the claim is: Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**Who owes the debt?** Check one.
☐ Debtor 1 only
☐ Debtor 2 only

**Nature of lien.** Check all that apply.
■ An agreement you made (such as mortgage or secured car loan)

| | | | | |
|---|---|---|---|---|
| Debtor 1 | **Michael Plandez Cortez** | | Case number (if know) | |
| | First Name  Middle Name  Last Name | | | |
| Debtor 2 | **Antoinette Arquero Cortez** | | | |
| | First Name  Middle Name  Last Name | | | |

■ Debtor 1 and Debtor 2 only  ☐ Statutory lien (such as tax lien, mechanic's lien)
☐ At least one of the debtors and another  ☐ Judgment lien from a lawsuit
■ Check if this claim relates to a community debt  ■ Other (including a right to offset)  **Second mortgage**

Date debt was incurred  **2005**  Last 4 digits of account number  **4141**

| 2.3 | **PNC Mortgage** | Describe the property that secures the claim: | $466,473.00 | $600,000.00 | $0.00 |
|---|---|---|---|---|---|
| | Creditor's Name | **901 Innisfree Court Vallejo, CA 94591 Solano County Purchased in 2003 for $573,000** | | | |

**P.O. Box 1820
Dayton, OH 45401-1820**

Number, Street, City, State & Zip Code

As of the date you file, the claim is: Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**Who owes the debt?** Check one.
☐ Debtor 1 only
☐ Debtor 2 only
■ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
■ Check if this claim relates to a community debt

**Nature of lien.** Check all that apply.
■ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
■ Other (including a right to offset)  **First mortgage**

Date debt was incurred  **2003**  Last 4 digits of account number  **1372**

Add the dollar value of your entries in Column A on this page. Write that number here:  $1,001,089.00
If this is the last page of your form, add the dollar value totals from all pages. Write that number here:  $1,001,089.00

### Part 2: List Others to Be Notified for a Debt That You Already Listed

Use this page only if you have others to be notified about your bankruptcy for a debt that you already listed in Part 1. For example, if a collection agency is trying to collect from you for a debt you owe to someone else, list the creditor in Part 1, and then list the collection agency here. Similarly, if you have more than one creditor for any of the debts that you listed in Part 1, list the additional creditors here. If you do not have additional persons to be notified for any debts in Part 1, do not fill out or submit this page.

| Fill in this information to identify your case: | | | |
|---|---|---|---|
| Debtor 1 | **Michael** | **Plandez** | **Cortez** |
| | First Name | Middle Name | Last Name |
| Debtor 2 | **Antoinette** | **Arquero** | **Cortez** |
| (Spouse if, filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | EASTERN DISTRICT OF CALIFORNIA | | |
| Case number | | | |
| (if known) | | | |

☐ Check if this is an amended filing

## Official Form 106E/F
### Schedule E/F: Creditors Who Have Unsecured Claims                                    12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY claims and Part 2 for creditors with NONPRIORITY claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on Schedule A/B: Property (Official Form 106A/B) and on Schedule G: Executory Contracts and Unexpired Leases (Official Form 106G). Do not include any creditors with partially secured claims that are listed in Schedule D: Creditors Who Have Claims Secured by Property. If more space is needed, copy the Part you need, fill it out, number the entries in the boxes on the left. Attach the Continuation Page to this page. If you have no information to report in a Part, do not file that Part. On the top of any additional pages, write your name and case number (if known).

**Part 1:** List All of Your PRIORITY Unsecured Claims

1. Do any creditors have priority unsecured claims against you?

   ■ No. Go to Part 2.

   ☐ Yes.

**Part 2:** List All of Your NONPRIORITY Unsecured Claims

3. Do any creditors have nonpriority unsecured claims against you?

   ☐ No. You have nothing to report in this part. Submit this form to the court with your other schedules.

   ■ Yes.

4. List all of your nonpriority unsecured claims in the alphabetical order of the creditor who holds each claim. If a creditor has more than one nonpriority unsecured claim, list the creditor separately for each claim. For each claim listed, identify what type of claim it is. Do not list claims already included in Part 1. If more than one creditor holds a particular claim, list the other creditors in Part 3. If you have more than three nonpriority unsecured claims fill out the Continuation Page of Part 2.

|   |   |   | Total claim |
|---|---|---|---|
| 4.1 | **Aamco/Synchrony Car Care** | Last 4 digits of account number  5699 | $951.00 |
| | Nonpriority Creditor's Name | | |
| | **P.O. Box 960061** | When was the debt incurred?  **'16-'17** | |
| | **Orlando, FL 32896-0061** | | |
| | Number Street City State Zip Code | As of the date you file, the claim is: Check all that apply | |
| | Who incurred the debt? Check one. | | |
| | ☐ Debtor 1 only | ☐ Contingent | |
| | ☐ Debtor 2 only | ☐ Unliquidated | |
| | ■ Debtor 1 and Debtor 2 only | ☐ Disputed | |
| | ☐ At least one of the debtors and another | Type of NONPRIORITY unsecured claim: | |
| | ■ Check if this claim is for a  community debt | ☐ Student loans | |
| | Is the claim subject to offset? | ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims | |
| | ■ No | ☐ Debts to pension or profit-sharing plans, and other similar debts | |
| | ☐ Yes | ■ Other. Specify  **Credit card** | |

# EXHIBIT "C"

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA

Name of Debtor: **Michael Plandez Cortez** **Antoinette Arquero Cortez**

Case No. **2017-24500**

Last four digits of Soc. Sec. No.:  **xxx-xx-1262**
Last four digits of Soc. Sec. No.:  **xxx-xx-7416**

## CHAPTER 13 PLAN - AMENDED

### Section 1. Notices

**1.01.** **Use of this form is mandatory.** The Bankruptcy Court of the Eastern District of California requires the use of this local form chapter 13 plan in lieu of any national form plan.

**1.02.** **Nonstandard provisions.** Any nonstandard provision is in section 7 below. If there are nonstandard provisions this box must be checked ☑. A nonstandard provision will be given no effect unless this section indicates one is included in section 7 and it appears in section 7.

**1.03.** **No alterations to form plan permitted.** Other than to insert text into designated spaces, expand tables to include additional claims, or to change the plan title to indicate the date of the plan or that it is a modified plan, the preprinted text of this form shall not be altered. No such alteration will be given any effect.

**1.04.** **Valuation of collateral and lien avoidance requires a separate motion.** The confirmation of this plan will not limit the amount of a secured claim based on a valuation of the collateral for the claim, nor will it avoid a security interest or lien. This relief requires a separate claim objection, valuation motion, or lien avoidance motion that is successfully prosecuted in connection with the confirmation of this plan.

**1.05.** **Separate notice of confirmation hearing.** You will receive a separate notice of the date, time, and location of a hearing to confirm this plan and of the deadline to object to its confirmation. In the absence of a timely written objection, the plan may be confirmed without a hearing. It will be effective upon its confirmation.

### Section 2. Plan Payments and Plan Duration

**2.01** **Monthly plan payments.** To complete this plan, Debtor shall submit to the supervision and control of Trustee on a monthly basis the sum of $ __2,675.00__ * from future earnings. This monthly plan payment is subject to adjustment pursuant to section 3.07(b)(2) below and it must be received by Trustee not later than the 25th day of each month beginning the month after the order for relief under chapter 13. The monthly plan payment includes all adequate protection payments due on Class 2 secured claims.

**2.02.** **Other payments.** In addition to the submission of future earnings, Debtor will make payment(s) derived from property of the bankruptcy estate, property of Debtor, or from other sources, as follows: ____.

**2.03.** **Duration of payments.** The monthly plan payments will continue for __60__ months unless all allowed unsecured claims are paid in full within a shorter period of time. If necessary to complete the plan, monthly payments may continue for an additional 6 months, but in no event shall monthly payments continue for more than 60 months.

### Section 3. Claims and Expenses

#### A. Proofs of Claim

**3.01.** With the exception of the payments required by sections 3.03, 3.07(b), 3.10, and 4.01, a claim will not be paid pursuant to this plan unless a proof of claim is filed by or on behalf of a creditor, including a secured creditor.

**3.02.** The proof of claim, not this plan or the schedules, shall determine the amount and classification of a claim unless the court's disposition of a claim objection, valuation motion, or lien avoidance motion affects the amount or

classification of the claim.

**3.03.** Post-petition amounts due on account of a domestic support obligation, a loan from retirement or thrift savings plan, or an executory contract/unexpired lease being assumed, shall be paid by Debtor directly to the person entitled to such payments whether or not the plan is confirmed or a proof of claim has been filed.

### B. Administrative Expenses

**3.04.** **Trustee's fees.** Pursuant to 28 U.S.C. § 586(e), Trustee shall receive up to 10% of plan payments, whether made before or after confirmation, but excluding direct payments by Debtor on Class 4 claims, executory contracts and unexpired leases, and obligations of the kind described in section 3.03.

**3.05.** **Debtor's attorney's fees.** Debtor's attorney of record was paid $__**1,000.00**__ prior to the filing of the case. Subject to prior court approval, additional fees of $__**3,000.00**__ shall be paid through this plan. Debtors' attorney will seek the court's approval by [*choose one*]: ☑ complying with Local Bankruptcy Rule 2016-1(c); or ☐ filing and serving a motion in accordance with 11 U.S.C. §§ 329 and 330, Fed. R. Bankr. P. 2002, 2016, and 2017 [if neither alternative is selected, the attorney shall comply with the latter].

**3.06.** **Administrative expenses.** In accordance with sections 5.02 and 5.03 below, **1,400.00** of each monthly plan payment shall be paid on account of: (a) compensation due a former chapter 7 trustee; (b) approved administrative expenses; and (c) approved attorney's fees. Approved administrative expenses shall be paid in full through this plan except to the extent a claimant agrees otherwise or 11 U.S.C. § 1326(b)(3)(B) is applicable.

### C. Secured Claims

**3.07.** **Class 1 includes all delinquent secured claims that mature after the completion of this plan, including those secured by Debtor's principal residence.**

**(a) Cure of arrears.** All arrears on Class 1 claims shall be paid in full by Trustee. The equal monthly installment specified in the table below as the "arrearage dividend" shall pay the arrears in full.

**(1)** Unless otherwise specified below, interest will accrue at the rate of 0%.

**(2)** The arrearage dividend must be applied by the Class I creditor to the arrears. If this plan provides for interest on the arrears, the arrearage dividend shall be applied first to such interest, then to the arrears.

**(b) Maintaining payments.** Trustee shall maintain all post-petition monthly payments to the holder of each Class 1 claim whether or not this plan is confirmed or a proof of claim is filed.

**(1)** Unless subpart (b)(1)(A) or (B) of this section is applicable, the amount of a post-petition monthly payment shall be the amount specified in this plan.

**(A)** If the amount specified in the plan is incorrect, the Class 1 creditor may demand the correct amount in its proof of claim. Unless and until an objection to such proof of claim is sustained, the trustee shall pay the payment amount demanded in the proof of claim.

**(B)** Whenever the post-petition monthly payment is adjusted in accordance with the underlying loan documentation, including changes resulting from an interest rate or escrow account adjustment, the Class 1 creditor shall give notice of the payment change pursuant to Fed. R. Bankr. P. 3002.1(b). Notice of the change shall not be given by including the change in a proof of claim. Unless and until an objection to a notice of payment change is sustained, the trustee shall pay the amount demanded in the notice of payment change.

**(2)** If a Class 1 creditor files a proof of claim or a notice of payment change pursuant to Fed. R. Bankr. P. 3002.1(b) demanding a higher or lower post-petition monthly payment, the plan payment shall be adjusted accordingly.

**(3)** If Debtor makes a partial plan payment that is insufficient to satisfy all post-petition monthly payments due each Class 1 claim, distributions will be made in the order such claims are listed below.

**(4)** Trustee will not make a partial distribution on account of a post-petition monthly payment.

**(5)** If Debtor makes a partial plan payment, or if it is not paid on time, and Trustee is unable to make timely a post-petition monthly payment, Debtor's cure of this default shall include any late charge.

**(6)** If the holder of a Class 1 claim gives Debtor and Trustee notice of post-petition fees, expenses, and charges pursuant to Fed. R. Bankr. P. 3002.1(c), Debtor shall modify this plan if Debtor wishes to provide for such fees, expenses, and charges.

**(7)** Post-petition monthly payments made by Trustee and received by the holder of a Class 1 claim shall be applied as if the claim was current and no arrearage existed on the date the case was filed.

**(c) No claim modification and lien retention.** Each Class 1 creditor shall retain its lien. Other than to cure of arrears, this plan does not modify Class 1 claims.

| Class 1 Creditor's Name/ Collateral Description | Amount of Arrears | Interest Rate on Arrears | Arrearage Dividend | Post-Petition Monthly Payment |
|---|---|---|---|---|
| -NONE- | | | | |
| | | | Totals: $0.00 | $0.00 |

**3.08.   Class 2 includes all secured claims that are modified by this plan, or that have matured or will mature before the plan is completed.**

**(a) Payment of claim.** Subject to section 3.08(c), the "monthly dividend" payable to each Class 2A and 2B claim is an equal monthly payment sufficient to pay each claim in full with interest at the rate specified below. If no interest rate is specified, a 5% rate will be imputed.

**(b) Adequate protection payments.** Prior to confirmation, Trustee shall pay on account of each Class 2(A) and 2(B) claim secured by a purchase money security interest in personal property an adequate protection payment if required by section 1326(a)(1)(C). The adequate protection payment shall equal the monthly dividend. Adequate protection payments shall be disbursed by Trustee in connection with the customary month-end disbursement cycle beginning the month after the case was filed. If a Class 2 claimant is paid an adequate protection payment, that claimant shall not be paid a monthly dividend for the same month.

**(c) Claim amount.** The amount of a Class 2 claim is determined by applicable nonbankruptcy law. However, except as noted below, Debtor may reduce the claim amount to the value of the collateral securing it by filing, serving, setting for hearing, and prevailing on a motion to determine the value of that collateral. If this plan proposes to reduce a claim based upon the value of its collateral, the failure to successfully prosecute a valuation motion in conjunction with plan confirmation may result in the denial of confirmation.

**(1) Class 2 claims that cannot be reduced based on value of collateral.** Debtor is prohibited from reducing a claim if the claim holder has a purchase money security interest and the claim either was incurred within 910 days of the filing of the case and is secured by a motor vehicle acquired for the personal use of Debtor, or was incurred within 1-year of the filing of the case and is secured by any other thing of value. These claims must be included in Class 2(A).

**(2) Class 2 claims that may be reduced based on the value of their collateral** shall be included in Class 2(B) or 2(C) as is appropriate.

**(3) Class 2 claims secured by Debtor's principal residence.** Except as permitted by 11 U.S.C. § 1322(c), Debtor is prohibited from modifying the rights of a holder of a claim secured only by Debtor's principal residence.

**(d) Lien retention.** Each Class 2 creditor shall retain its existing lien until completion of the plan and, unless not required by Bankruptcy Court, entry of Debtor's discharge.

| Class 2 Creditor's Name and description of collateral | Purchase Money Security Interest personal property? YES/NO | Amount claimed by creditor | Value of creditor's interest in its collateral | Interest Rate | Monthly Dividend |
|---|---|---|---|---|---|
| **Class 2 (A) claims not reduced based on value of collateral** | | | | | |
| Ditech Fin. - Kevin Court | N | 3,366.27 | | 0% | 56.00 |

| Class 2 (B) are claims reduced based on value of collateral | | | | | |
|---|---|---|---|---|---|
| -NONE- | | | | | |

| Class 2 (C) are claims reduced to $0 based on value of collateral | | | | | |
|---|---|---|---|---|---|
| -NONE- | | | | | |
| | | | | | Total $56.00 |

**3.09.    Class 3 includes all secured claims satisfied by the surrender of collateral.**

| Class 3 Creditor's Name/Collateral Description | Estimated Deficiency | Is Deficiency a Priority Claim? YES/NO |
|---|---|---|
| -NONE- | | |

**3.10.    Class 4 includes all secured claims paid directly by Debtor or third party.** Class 4 claims mature after the completion of this plan, are not in default, and are not modified by this plan. These claims shall be paid by Debtor or a third person whether or not a proof of claim is filed or the plan is confirmed.

| | Class 4 Creditor's Name/Collateral Description | Monthly Contract Installment | Person Making Payment |
|---|---|---|---|
| 1. | Ditech Financial, LLC  / 140 Kevin Court Vallejo, CA 94589  Solano County Purchased in 1990 for $215,000 - needs new roof, fencing replacement, landscaping, interior and exterior paint, garage door replaced, window repairs/replacement.  Net proceeds if sold in Cha | 2,505.00 | Debtor |
| 2. | PNC Mortgage  / 901 Innisfree Court Vallejo, CA 94591  Solano County Purchased in 2003 for $573,000 | 4,444.00 | Debtor |
| 3. | Second Chance Home Loans, LLC  / 901 Innisfree Court Vallejo, CA 94591  Solano County Purchased in 2003 for $573,000 | 1,739.00 | Debtor |

**3.11.    Bankruptcy stays.**
**(a)** Upon confirmation of the plan, the automatic stay of 11 U.S.C. § 362(a) and the co-debtor stay of 11 U.S.C. § 1301(a) are (1) terminated to allow the holder of a Class 3 secured claim to exercise its rights against its collateral; (2) modified to allow the holder of a Class 4 secured claim to exercise its rights against its collateral and any nondebtor in the event of a default under applicable law or contract; and (3) modified to allow the nondebtor party to an unexpired lease that is in default and rejected in section 4 of this plan to obtain possession of leased property, to dispose of it under applicable law, and to exercise its rights against any nondebtor.

**(b)** Secured claims not listed as Class 1, 2, 3, or 4 claims are not provided for by this plan. While this may be cause to terminate the automatic stay, such relief must be separately requested by the claim holder.

**(c)** If, after confirmation of the plan, the court grants a motion to terminate the automatic stay to permit a Class 1 or 2 claim holder to proceed against its collateral, unless the court orders otherwise, Trustee shall make no further payments on account of such claim and any portion of such claim not previously satisfied under this plan shall be satisfied as a Class 3 claim. Any deficiency remaining after the creditor's disposition of its collateral shall be satisfied as a Class 7 unsecured claim subject to the filing of a proof of claim.

### D. Unsecured Claims

**3.12.** **Priority claims.** Class 5 consists of unsecured claims entitled to priority pursuant to 11 U.S.C. § 507, such as taxes, approved administrative expenses, and domestic support obligations.

(a) Priority claims other than domestic support obligations will be paid in full except to the extent the claim holder has agreed to accept less. When the claim holder has agreed to accept less than payment in full, the claim holder and the treatment of the claim shall be specified in section 7, the Nonstandard Provisions.

(b) Priority claims that are domestic support obligation shall be paid in full except to the extent 11 U.S.C. § 1322(a)(4) is applicable. When section 1322(a)(4) is applicable, the claim holder and the treatment of the claim shall be specified in section 7, the Nonstandard Provisions.

(c) Debtor estimates that all priority claims, not including those identified in section 7, total $**0.00**

**3.13.** **Class 6 includes designated nonpriority unsecured claims,** such as co-signed unsecured debts, that will be treated differently than the other nonpriority unsecured claims provided for in Class 7. The claim holder of each Class 6 claim and the treatment of each claim shall be specified in section 7, the Nonstandard Provisions.

**3.14.** **Class 7 consists of all other nonpriority unsecured claims** not provided for in Class 6. These claims will receive no less than a **100** % dividend. These claims, including the under-collateralized portion of secured claims not entitled to priority, total approximately $ **87,254.00** .

### Section 4. Executory Contracts And Unexpired Leases

**4.01.** Debtor assumes the executory contracts and unexpired leases listed below. Debtor shall pay directly to the other party to the executory contract or unexpired lease, before and after confirmation of this plan and whether or not a proof of claim is filed, all post-petition monthly payments required by the lease or contract. Unless a different treatment is required by 11 U.S.C. § 365(b)(1) and is set out in section 7, the Nonstandard Provisions, pre-petition arrears shall be paid in full. Trustee shall pay the monthly dividend specified in the table below on account of those arrears.

**4.02.** Any executory contract or unexpired lease not listed in the table below is rejected.

| Name of Other Party to Executory Contract/Unexpired Lease | Post-Petition Monthly Payment | Pre-petition Arrears | Arrearage Dividend |
|---|---|---|---|
| -NONE- | | | |
| | | Total | $0.00 |

### Section 5. Payment of Claims and Order of Distribution

**5.01.** After confirmation, payments by Trustee to holders of allowed claims and approved expenses will be made monthly.

**5.02.** Distribution of plan payment.

(a) At a minimum, each monthly plan payment must be sufficient to pay in full: (i) Trustee's fees; (ii) post-petition monthly payments due on Class 1 claims; (iii) the monthly dividend specified in section 3.06 for administrative expenses; and (iv) the monthly dividends payable on account of Class 1 arrearage claims, Class 2 claims, and executory contract and unexpired lease arrearage claims.

(b) If the amount paid by Debtor is insufficient to pay all of the minimum dividends required by section 5.02(a), Trustee shall pay, to the extent possible, such fees, payments, expenses, and claims in the order specified in section 5.02(a)(i) through (iv). If the amount paid by Debtor is insufficient to pay all dividends due on account of fees, payments, expenses, and claims within a subpart of section 5.02(a), no dividend shall be paid on account of any of the fees, payments, expenses, and claims within such subpart except as permitted by section 3.07(b)(3).

(c) Each month, if funds remain after payment of all monthly dividends due on account of the fees, payments, expenses, and claims specified in section 5.02(a)(i) through (iv), the remainder shall be paid pro rata, first to holders of Class 1 arrearage claims, Class 2 claims, and executory contract and unexpired lease arrearage claims; second to Class 5 priority claims; third to Class 6 unsecured claims; and fourth to Class 7 unsecured claims.

(d) Over the plan's duration, distributions must equal the total dividends required by sections 3.04, 3.06, 3.07, 3.08, 3.12, 3.13, 3.14, and 4.01. The case may be dismissed if Debtor's plan payments are or will be insufficient to pay these dividends.

**5.03.** **Priority of payment among administrative expenses.** The portion of the monthly plan payment allocated in section 3.06 for administrative expenses, shall be distributed first to any former chapter 7 trustee up to the monthly amount required by 11 U.S.C. § 1326(b)(3)B), and second to holders of approved administrative expenses on a pro rata basis.

## Section 6. Miscellaneous Provisions

**6.01.** **Vesting of property.** Property of the estate **[choose one]** shall ☐ shall not ☑ revest in Debtor upon confirmation of the plan. In the event the case is converted to a case under Chapter 7, 11, or 12 of the Bankruptcy Code or is dismissed, the property of the estate shall be determined in accordance with applicable law.

**6.02.** **Debtor's duties.** In addition to the duties imposed upon Debtor by the Bankruptcy Code, the Bankruptcy Rules, and applicable nonbankruptcy law, the court's Local Bankruptcy Rules impose additional duties on Debtor, including without limitation, obtaining prior court authorization prior to transferring property or incurring additional debt, maintaining insurance, providing Trustee copies of tax returns, W-2 forms, 1099 forms, and quarterly financial information regarding Debtor's business or financial affairs, and providing Trustee not later than the 14 days after the filing of the case with the Domestic Support Obligation Checklist for each domestic support obligation and a Class 1 Checklist and Authorization to Release Information for each Class 1 claim.

**6.03.** **Post-Petition claims.** If a proof of claim is filed and allowed for a claim of the type described in 11 U.S.C. § 1305(a), this plan may be modified to provide for such claim.

**6.04.** **Remedies upon default.** If Debtor defaults under this plan, or if the plan will not be completed within six months of its stated term, not to exceed 60 months, Trustee or any other party in interest may request appropriate relief by filing a motion and setting it for hearing pursuant to Local Bankruptcy Rule 9014-1. This relief may consist of, without limitation, dismissal of the case, conversion of the case to chapter 7, or relief from the automatic stay to pursue rights against collateral.

## Section 7.  Nonstandard Provisions

Debtor may propose nonstandard provisions that modify the preprinted text of this form plan. All nonstandard plan provisions shall be on a separate piece of paper appended to this plan. Each nonstandard provision shall be identified by a section number beginning with section 7.01 and indicate which section(s) of the form plan are modified by the nonstandard provision. Nonstandard provisions placed elsewhere are void. The signatures below are certifications by Debtor and Debtor's attorney that this plan form has not been altered and that all nonstandard provisions are in section 7.

Dated: **February 19, 2018**          /s/ **Michael Plandez Cortez**
                                       **Michael Plandez Cortez**
                                       Debtor

Dated: **February 19, 2018**          /s/ **Antoinette Arquero Cortez**
                                       **Antoinette Arquero Cortez**
                                       Debtor

Dated: **February 19, 2018**                                **/s/ Mary Ellen Terranella**
                                                            **Mary Ellen Terranella 99272**
                                                            Debtor's Attorney

Software Copyright (c) 1996-2017 Best Case,LLC - www.bestcase.com                                  Best Case Bankruptcy

## Section 7 - NonStandard Provisions for Section 2.01

Payments into plan shall be as follows:
- **$2,675.00 per month for 5 months**
- **$3,457.00 per month for 2 months**
- **$1,560.00 per month for 53 months**

## Section 7 - Nonstandard Provisions

**Debtors shall pay pre-petition arrears due to Second Chance Home Loans, LLC directly to creditor.**

**Allowed general unsecured claims shall be paid after payment of attorney's fees.**