Stuart B. Wolfe (SBN 156471)
sbwolfew@wolfewyman.com
Joshua M. Bryan (SBN 225230)
jmbryan@wolfewyman.com
WOLFE & WYMAN LLP
980 9th Street, Suite 2350
Sacramento, CA 95814-2716
Telephone: (916) 912-4700
Facsimile: (916) 329-8905

Attorneys for Defendant
PNC BANK, N.A.

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL B. CORTEZ, an individual and ANTONIETTE A. CORTEZ, an individual, <br><br>Plaintiffs, <br><br>v. <br><br>SECOND CHANCE HOME LOANS, LLC, a business entity; ALLIED SERVICING CORPORATION, a business entity; PNC BANK, NATIONAL ASSOCIATION; and DOES 1 through 50, inclusive, <br><br>Defendants. | Case No.: 2:18-cv-01896-WBS-EFB <br><br>Solano County Superior Court Case No.: FCS051075 <br><br>**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT** <br><br>DATE: November 26, 2018 <br>TIME: 1:30 p.m. <br>CTRM: 5, 14th Floor <br><br>Action Filed: June 26, 2018 |

PLEASE TAKE NOTICE that on November 26, **2018 at 1:30 p.m.**, or as soon thereafter as the matter may be heard in Courtroom 5, 14th Floor, of the above-captioned Court located at 501 I Street, Sacramento, California, Defendant PNC BANK, N.A., ("PNC" or Defendant"), will and hereby does move to dismiss the Complaint of Plaintiffs MICHAEL B. CORTEZ, and ANTONIETTE A. CORTEZ ("Plaintiffs") and the fifth and sixth causes of action therein on the grounds that the fifth and sixth causes of action fail to state a claim upon which relief can be granted under Federal Rule 12(b)(6).

This Motion is based on this notice, the supporting memorandum of points and authorities

1
NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT

filed herewith, all judicially noticed matters, and all pleadings and papers on file in this action, on the reply, if any, that may be filed with the Court, and on any and such further oral and documentary evidence as may be presented at the hearing of this matter.

DATED: October19, 2018                WOLFE & WYMAN LLP


By: /s/ Joshua M. Bryan
STUART B. WOLFE
JOSHUA M. BRYAN
Attorneys for Defendant
**PNC BANK, N.A.**



## MEMORANUM OF POINTS & AUTHORITIES IN SUPPORT

Defendant PNC BANK, N.A. (collectively "PNC or Defendant") submits the following memorandum of points and authorities in support of their Motion to Dismiss the Complaint filed herein by Plaintiffs MICHAEL B. CORTEZ and ANTOINETTE A. CORTEZ ("Plaintiffs") and each cause of action asserted against PNC therein including the fifth and sixth causes of action, which are the only two causes of action asserted against them.

### I. INTRODUCTION

This matter arises out of Plaintiffs' allegations that Defendants acted wrongfully with respect to a loan secured with a deed of trust against the property commonly known as 901 Innisfree Ct., Vallejo, CA 94591.("Property"). The thrust of Plaintiffs' allegations is that they had the impression the second loan secured by a Deed of Trust on the property was no longer active or the account closed as of 2012 but were surprised when they received notice that the loan was still active and when a foreclosure process was initiated in 2017.

Specifically, Plaintiffs bring causes of action for negligence and violation of Business & Professions Code section 17200 ("UCL") as against PNC. These two causes of action are the subject of this motion to dismiss.

The fifth and sixth causes of action fail because because they are time-barred under the

statute of limitations applicable to negligence and UCL claims. Secondly, Plaintiffs' claims fail because Plaintiffs failed to list these caims in their bankruptcy schedules and therefore are barred by the doctrine of judicial estoppel based upon a failure to disclose the claims of this lawsuit in the Bankruptcy. Finally, Plaintiffs have failed to plead necessary facts to establish the elements of their fifth cause of action for negligance and sixth cause of action under the UCL as to PNC in any event.

For these reasons and the reasons set forth more fully below, this Court should dismiss the fifth and sixth causes of action as to PNC, and therefore the entire action as to PNC with prejudice.

## II.   ALLEGATIONS OF THE COMPLAINT

Plaintiffs allege that they purchased the Property in 2003. (Complaint, Para. 10.)

Plaintiffs allege that in order to purchase the property they obtained a first lien loan from National City Mortgage in the amount of $579,750.00 (hereafter "First Lien"). (Complaint, Para. 10.)

The Complaint states that in August 2005, Plaintiffs also obtained a line of credit from National Citiy Bank in the amoutn of 190,000.00 (hereafter "Second Lien"). (See Exhibit A to Complaint; Complaint, Para. 11.)

Plaintiffs allege that by way of merger, PNC became the beneficiary fo the Note and Deed of Trust for the Second Lien. (See Complaint, Para. 11.)

Plaintiffs allege that in July 2010, they obtained a HAMP modification from PNC for the loan secured by the First Lien. (See Complaint, Para. 15.) They allege that that at the time of the First Lien loan modification, PNC was a participant in the "HAMP Second Lien Modification Program". (Complaint, Para. 16.) Plaintiffs further allege that under that program, PNC was was required to either "(1) offer to modify the Second Lien or (2) extinguish the Second Lien." (See Complaint, Para. 16.)

Plaintiffs allege that despite repeated inquiries regarding modifciation of the Second Lien, PNC did not modify the Second Lien, but rather told them they had apply for the modification of the Second Lien "separate and apart from the modification they received on the First Lien" which they eventually did. (See Complaint, Paras. 17-18, 21.)

Plaintiffs allege that soon thereafter, "PNC began sending Plaintiffs correspondence which suggested that the Second Lien was closing. (See Complaint, Para. 19.)

According to Plaintiffs, in March 2011, PNC sent Plaintiffs written correspondence entitled "Statement fo Credit, Denial, Termination, or Change". (See Complaint, Para. 20.)

Plaintiffs allege they applied for a modifciation on the Second Lien, around the same time, with their last application transmission being approximately May 17, 2011. (See Complaint, Para. 21.) Plaintiffs further allege they continually contacted PNC through the end of 2011 and into 2012 but were repeatedly advised that the account was closed. (See Complaint, Para. 22.)

They allege that for years they received no communication regarding the Second Lien and no monthly billing statements. (See Complaint, Para. 23.) Plaintiffs allege that based on the inactivity on the Second Lien, lack of any contact, and the fact that they were expressly informed the account had been closed, Plaintiffs believed that this debt had been charged off and closed. (See Complaint, Para. 24.)

According to the Complaint, in December 2016, Plaintiffs "unexpectedly received correspondence from an entity known as Special Default Services, Inc. which indicated that it was the trustee of the Second Lien which had accumulated $36,387.13. (See Complaint, Para. 25.) Plaintiffs allege they were unaware of the transfer to Allied and had never received any contact from Alled or Second Chance. (See Complaint, Para. 25-26.)

The Complaint states that on March 10, 2017, Defendant Second Chance directed its foreclosure trustee to record a Notice of Default on the property with respect to the Second Lien. (See Complaint, Para. 28.)

Plaintiffs allege that a Notice of Trustee Sale was recorded on June 16, 2017.

Plaintiff do not allege that the Property has been sold and in fact recently had a motion for preliminary injunction on calendar which they voluntarily dropped.

### III. LEGAL STANDARD FOR MOTIONS TO DISMISS

Pursuant to FRCP 12(b)(6), "failure to state a claim upon which relief can be granted," is a basis to dismiss a complaint where the moving party can demonstrate beyond doubt that the Plaintiff cannot provide a set of facts in support of his claim which would entitle them to relief,

4
**NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT**

such that this Motion to Dismiss should be granted. (See Puckett v. Park Place Entertainment, Corp., 332 F. Supp. 2d 1349, 1352 (D. Nev. 2004).) The U.S. Supreme Court requires a plaintiff to plead more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" to survive a motion to dismiss. (Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" (Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) (*quoting* Fed. R. Civ. P. 8(a)(2)) (citation omitted).)

While the Court should typically take the allegations as alleged in the complaint as true, "Courts do not assume the truth of legal conclusions merely because they are cast in the form of factual allegations." (Puckett, 332 F. Supp. 2d at 1352 (*quoting* Western Mining Counsel v. Watt, 643 F. 2d 618, 624 (9th Cir. 1981).) It has specifically been held that "conclusory allegations of law and unwarranted inferences are insufficient to defend a Motion to Dismiss for failure to state a claim." (In re Stac Electronics Securities Litigation, 89 F.3d 1399, 1403 (9th Cir. 1996) (*quoting* In re VeriFone Securities Litigation, 11 F.3d 865, 868 (9th Cir. 1993).)

Where a complaint alleges a statutory violation, the complaint must identify the particular statutory scheme that was violated and describe with reasonable particularity the facts supporting the violation. (Khoury v. Maly's of California, Inc., 14 Cal.App.4th 612, 619(1993).)

Under this pleading standard, the motion to dismiss should be granted.

IV. **LEGAL ANALYSIS**

    A. **Plaintiffs' Fifth and Sixth Causes of Action Are Time Barred as to PNC**

The first independent reason that Plaintiffs' fifth cause of action for negligence and sixth cause of action for violation of the UCL fail is because they are time barred as a matter of law.

Even if Plaintiffs had alleged sufficient facts to support every element of their claim for negligence as to PNC (which they have not), they do not allege that PNC took any action whatsoever since 2012, at the very latest. (See Complaint, Paras. 21-22.) Therefore, any alleged

negligence by PNC necessarily occurred no later than the end of 2012, and therefore more than two years before the filing of this lawsuit. Therefore, the fifth cause of action is time-barred under California's two year statute governing negligence claims. (See CCP section 335.1.)

Second, Plaintiffs' sixth cause of action under the UCL is also time barred for the same reason under Business & Professions Code section 17208 because as discussed above, the Complaint does not identify any conduct by PNC occurring after 2012. Since 2012 is more than four years before the action was filed, Plaintiffs' sixth cause of action is also time-barred as a matter of law.

As such, this Court must dismiss the fifth and sixth causes of action as to PNC with prejudice because they are time-barred as a matter of law.

### B. Plaintiffs Are Barred by Doctrine of Judicial Estoppel

#### 1. Plaintiff's Claims Were Property Of The Bankruptcy Estate.

Plaintiffs filed a Chapter 13 Bankruptcy Petition on July 8, 2017. (See Exhibit 1 to RJN.)

The filing of a bankruptcy petition creates an estate, which includes all legal and equitable interests of the debtor in property as of the commencement of the case. (11 U.S.C. § 541; In re Lee, 94 B.R. 172, 178-179 (Bkrtcy.C.D.Cal. 1988).) Significantly, this property includes all causes of action that belong to the debtor on the date of filing. (Id. at p. 179.) As the Lee court recognized, any claim available to a debtor as of the date he files a bankruptcy petition "belongs to his estate, and presumptively to his creditors." (Id.) Further, "[i]n the context of bankruptcy proceedings, it is well understood that 'a trustee, as the representative of the bankruptcy estate, is the real party in interest, and is the only party with standing to prosecute causes of action belonging to the estate once the bankruptcy petition has been filed." (M&M Foods, Inc. v. Pacific American Fish Co., Inc. (2011) 196 Cal.App.4th 554, 562).)

In the present matter, all of PNC's purported wrongdoing allegedly occurred well before Plaintiffs filed their bankruptcy case on July 8, 2017. Based on the foregoing, each and every cause of action, if any as to PNC, arose pre-petition and were property of the bankruptcy estate.

#### 2. Plaintiffs Failed To Disclose Assets Of The Estate.

Plaintiff's "Form 106A/B" filed in their bankruptcy schedules required Plaintiffs to disclose

(Paragraph 34) "[o]ther contingent and unliquidated claims of every natures, including tax refunds, counter-claims of the debtor, and rights to setoff claims." (See Exhibit 1 to RJN.) However, Plaintiffs expressly indicated in response to Paragraph 21 that there were none by checking the box "No". Clearly, Plaintiffs ignored their claims against Defendants as purported assets of the estate.

Because Plaintiffs did not disclose the claims they should now be barred by judicial estoppel from litigating them in the present case. (Hamilton v. State Farm Fire & Casualty Company 270 F.3d 778 (2001, CA 9th)) "Judicial estoppel is an equitable doctrine that precludes a party from gaining an advantage by asserting one position, then later seeking an advantage by taking a clearly inconsistent position." (Hamilton v. State Farm Fire & Casualty Company 270 F.3d 778, 782 (9th Cir.2001)) The Court in Hamilton granted the motion for summary judgment in favor of the defendant based on the plaintiff's (debtor's) failure to schedule the claims stating as follows:

> This court has restricted the application of judicial estoppel to cases where the court relied on, or "accepted," the party's previous inconsistent position. Interstate Fire & Casualty Co. v. Underwriters at Lloyd's, London, 139 F.3d 1234, 1239 (9th Cir.1998); Masayesva v. Hale, 118 F.3d 1371, 1382 (9th Cir.1997). The application of judicial estoppel is not limited to bar the assertion of inconsistent positions in the same litigation, but is also appropriate to bar litigants from making incompatible statements in two different cases. Rissetto, 94 F.3d at 605 ("We now make it explicit that the doctrine of judicial estoppel is not confined to inconsistent positions taken in the same litigation"); Astor Chauffeured Limousine Co. v. Runnfeldt Investment Corp., 910 F.2d 1540, 1548 (7th Cir.1990) (estoppel is even more appropriate where the incompatible statements are made in two different cases, since "[i]nconsistent positions in different suits are much harder to justify" than inconsistent pleadings within one suit).

The Court in Hamilton went on to say:

> In the bankruptcy context, a party is judicially estopped from asserting a cause of action not raised in a reorganization plan or otherwise mentioned in the debtor's schedules or disclosure statements. Hay v. First Interstate Bank of Kalispell, N.A., 978 F.2d 555, 557 (9th Cir.1992) (failure to give notice of a potential cause of action in bankruptcy schedules and Disclosure Statements estops the debtor from prosecuting that cause of action); In re Coastal Plains, 179 F.3d 197, 208 (5th Cir.1999), cert. denied, 528 U.S. 1117, 120 S.Ct. 936, 145 L.Ed.2d 814 (2000) (holding that a debtor is barred from bringing claims not disclosed in its bankruptcy schedules); Payless Wholesale Distributors, Inc. v. Alberto Culver (P.R.) Inc., 989 F.2d 570, 572 (1st Cir.), cert. denied, 510 U.S. 931, 114 S.Ct. 344, 126 L.Ed.2d 309 (1993) (debtor who obtained relief on the representation that no claims existed cannot resurrect such claims and obtain relief on the opposite basis); Oneida Motor Freight, Inc. v. United Jersey Bank,

848 F.2d 414, 419 (3rd Cir.), cert. denied, 488 U.S. 967, 109 S.Ct. 495, 102 L.Ed.2d 532 (1988) (debtor's failure to list potential claims against a creditor "worked in opposition to preservation of the integrity of the system which the doctrine of judicial estoppel seeks to protect," and debtor is estopped by reason of such failure to disclose).

The doctrine of equitable estoppel is intended to protect the integrity of the judicial process. (Russell v. Rolfs, 893 F.2d 1033, 1037 (9th Cir.1990), cert denied, 501 U.S. 1260, 111 S.Ct. 2915, 115 L.Ed.2d 1078 (1991))

Based on the foregoing and based on the integrity of the bankruptcy system, the fifth and sixth causes of action should be dismissed with prejudice as to PNC on the independent ground that they are barred by the doctrine of judicial estoppel.

### C. Plaintiffs Fail to State Facts Sufficient to Constitute a Cause of Action for Negligence

Plaintiffs' fifth cause of action fails to state a claim because it fails to allege facts setting forth that PNC owed Plaintiff any legal duty, any conduct that might constitute a breach and fails to allege damages.

To state a cause of action for negligence, Plaintiff must allege the following essential elements: (1) the defendant had a legal duty to protect the plaintiff; (2) the defendant breached the duty of care; (3) the defendant's failure was the proximate or legal cause of the resulting injury; and (4) the plaintiff was damaged. (Ladd v. County of San Mateo 12 Cal.4th 913, 917 (1996).) A complaint is fatally defective if it fails to sufficiently pled facts showing a duty of care, injury or damage. (Hegyes v. Unjian Enterprises, 234 Cal.App.3d 1103, 1111(1991).)

Here, Plaintiffs allege that PNC breached its duty to inform Plaintiffs that the "servicing of their loan had transferred to Defendant Allied so that they were on notice that the loan was active and of where to send their payments…" (See Complaint, Para. 66.) Plaintiffs cite to statutory sections such as 12 USC 2605 and Civil Code section 2937 as a purported basis for the duty. However, the general, rule is that a financial institution owes no legal duty of care to its borrowers in conjunction with a loan transaction, where the lender's involvement does not exceed the scope of its conventional role as a mere lender of money. (Nymark v. Heart Fed. Sav. & Loan Ass'n (1991) 231 Cal.App.3d 1089, 1096.) Although there are exceptions to the general rule, the cases

supporting the existence of a servicer's duty to a borrower all involve the review and approval of a loan modification review which was already in progress and have been generally limited to that context. (See <u>Jolley v. Chase Home Finance, LLC</u> (2013) 213 Cal.App.4th 872; <u>Alvarez v. BAC Home Loans Servicing</u> (2014) 228 Cal.App.4th 941.) The circumstances in these cases are distinguishable from the circumstances here, where Plaintiffs fifth cause of action does not stem from claims regarding the mishandling of a loan modification review.

Moreover, even if Plaintiffs could plead that PNC had a legal duty to them, they have not stated any facts reflecting that PNC engaged in negligent conduct leading to damage to Plaintiffs. Plaintiffs' conclusory statement that "Plaintiffs have sufferd and will continue to suffer, substantial and irreparable injury from the loss of their Property…" is simply unsupported by any factual allegations and contradicts the admission and fact that Plaintiffs' property has not yet been sold. (See Complaint, Para. 75.)

Therefore, this Court should dismiss the fifth cause of action on the independent ground that it fails to state facts necessary to satisfy each element of negligence as to PNC.

### D. **Plaintiffs' Sixth Cause of Action for Unfair Business Practices (Violation of Business & Professions Code section 17200) Fails**

To state a cause of action under Business & Professions Code section 17200 ("UCL"), a plaintiff must allege that a defendant engaged in an "unlawful, unfair or fraudulent business act or practice [or] unfair, deceptive untrue or misleading advertising." (California Business & Professions Code § 17200 and 17500; *see also* <u>Berryman v. Merit Property Management, Inc.</u>, 152 Cal. App. 4th 1544, 1554 (2007).) Under its "unlawful" prong, "the UCL borrows violations of other laws ... and makes those unlawful practices actionable under the UCL." (<u>Berryman</u>, *supra*, at 1554 [*citing* <u>Lazar v. Hertz Corp.</u>, 69 Cal. App. 4th 1494, 1505 (1991)].) "Thus, a violation of another law is a predicate for stating a cause of action under the UCL's unlawful prong." (<u>Id</u>.)

Here, Plaintiffs sixth cause of action alleges in conclusory fashion that "Defendants' conduct … constitutes unlawful, unfair, and/or fraudulent business practices'' (See Complaint, Paragraph 77.)

The above allegations are not only vague conclusions but fail to identify any actual facts

reflecting unfair, unlawful or fraudulent conduct attributable to Defendants generally, or in connection, with this case. The sixth cause of action fails to even mention PNC. As such, these allegations are insufficient to state a claim under the UCL pleading standard. (See Khoury, supra.) Additionally, as set forth in this memorandum, Plaintiffs have failed to state any other cause of action alleged against PNC that might provide support for their UCL claim.

Furthermore, the term "fraudulent", as used in the UCL, has been held to require the showing that members of the public are likely to be deceived. (Berryman, supra at 1556.) Here, Plaintiffs fail to state how any purported conduct by PNC is likely to deceive members of the public and has also failed to plead facts reflecting that any defendant engaged in any misrepresentation.

Moreover, Plaintiffs fail to allege standing to bring a claim under the UCL. The UCL limits standing to bring a UCL claim to specified public officials and a private person "who has suffered injury in fact and has lost money or property as a result of the unfair competition." (Vega v. JPMorgan Chase Bank, N.A., 654 F.Supp.2d 1104, 1117 (E.D.Cal., 2009).) Here, there is no basis alleged to support such a claim against PNC because Plaintiffs have failed to plead actual facts reflecting a causal connection between the harm Plaintiffs allegedly suffered and any conduct by PNC.

Based on the above, this Court must dismiss the sixth cause of action.

## V. CONCLUSION

For the foregoing reasons, this Court should grant PNC's motion to dismiss in its entirety with prejudice.

DATED: October 19, 2018

WOLFE & WYMAN LLP

By: /s/ Joshua M. Bryan
STUART B. WOLFE
JOSHUA M. BRYAN
Attorneys for Defendant
**PNC BANK, N.A.**

# PROOF OF SERVICE

**STATE OF CALIFORNIA** )
) ss.
**COUNTY OF SACRAMENTO** )

I, Beverley Tomlin-Hill, declare:

I am employed in the County of Sacramento, State of California. I am over the age of 18 and not a party to the within action. My business address is 980 9th Street, Suite 2350, Sacramento, California 95814.

On October 19, 2018, I served the document(s) described as: **NOTICE OF MOTION AND MOTION TO DISMISS to** all interested parties in said action by placing a true copy thereof in a sealed envelope addressed as stated on the ATTACHED SERVICE LIST.

☐ **BY MAIL**: as follows:

☐ **STATE** - I am "readily familiar" with Wolfe & Wyman LLP's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Sacramento, California, in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

☒ **BY ELECTRONIC ACCESS** Pursuant to the Federal Electronic Filing Court Order, I hereby certify that the above document(s) was/were uploaded and will be posted on the website by the close of the next business day and the webmaster will give e-mail notification to all parties.

☒ **FEDERAL** I declare that I am employed in the offices of a member of the State Bar of this Court at whose direction the service was made.

☐ **STATE** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on October 19, 2018 at Sacramento, California.

*Beverley Tomlin-Hill*
Beverley Tomlin-Hill

3104267.1



**SERVICE LIST**
Eastern District Court Case No.: 2:18-cv-01896-WBS-EFB
Solano County Superior Court, Case No.: FSC051075
CORTEZ v/ SECOND CHANCE, et al.
W&W File No. 1641-079

| | |
|---|---|
| Sarah Shapero<br>SHAPERO LAW FIRM<br>One Market Street, Spear Tower, 36th Fl<br>San Francisco, CA 94105 | **Attorney for Plaintiffs**<br>**MICHAEL B. CORTEZ and ANTOINETTE A. CORTEZ**<br><br>Tel: (415) 293-7995<br>Fax: (415) 358-4116<br>Email: sarah@shaperolawfirm.com |
| Jonathan Seigel<br>SCHEER LAW GROUP, LLP<br>155 North Redwood Drive, Ste 100<br>San Rafael, CA 94903 | **Attorney for Defendants**<br>**SECOND CHANCE HOME LOAN LLC**<br>**ALLIED SERVICING CORPORATION**<br><br>Tel: (415) 491-8900<br>Email: jseigel@scheerlawgroup.com |

3104267.1